STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1142


HIXSON AUTOPLEX OF ALEXANDRIA, INC.

VERSUS

DONALD RAY LEWIS


**********


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 231,139
HONORABLE F. RAE SWENT, DISTRICT JUDGE


**********


MARC T. AMY
JUDGE


**********


Court composed of Sylvia R. Cooks, Oswald A. Decuir, Marc T. Amy, Billy Howard Ezell and James T. Genovese, Judges.

AFFIRMED IN PART; REVERSED IN PART; INJUNCTION ENTERED.

Genovese, J., dissents and assigns written reasons.

Darrell K. Hickman
Post Office Box 48
Alexandria, LA   71309
(318) 448-6353
COUNSEL FOR DEFENDANT/APPELLEE:
        Donald Ray Lewis

Mark Felipe Vilar
Aaron L. Green
Vilar & Elliott
Post Office Box 12730
Alexandria, LA   71315-2730
(318) 442-9533
COUNSEL FOR PLAINTIFF/APPELLANT:
        Hixson Autoplex of Alexandria, Inc.

AMY, Judge.

An employer and employee entered into a non-competition agreement. The employee was terminated and began to work for a competing company. The employer sought to enforce the non-competition agreement. The trial court, finding one provision invalid on the grounds of it being contrary to public policy, severed the offending provision and enforced the remaining two provisions of the agreement. The employer appeals, contending that the trial court erred by retroactively applying a substantive change to the pertinent statute. For the following reasons, we affirm in part and reverse in part and render judgment.

**Factual and Procedural Background**

The Petition for Injunctive Relief reveals that Hixson Autoplex of Alexandria, Inc. ("Hixson") is an automobile dealership in the business of the "selling and leasing of automobiles, trucks, vans, accessories, parts, and related equipment as well as the servicing and repair of automobiles, trucks and vans in the Parishes of Rapides, Grant, Vernon, Sabine, Avoyelles, Natchitoches, Allen, and Evangeline." The record indicates that Donald Ray Lewis ("Lewis") began working for Hixson on February 28, 2005, as a vehicle salesperson. Lewis signed a non-competition agreement upon commencement of employment, wherein he pledged, among other things, to refrain from the following activities for a period of two years after suspension or termination of his employment:

(1)     Contact, directly or indirectly, any customer of Employer with whom Employee had contact during the Employee's employment hereunder; or

(2)     Carry on or engage in a business similar to that of the Employer in the parishes of Rapides, Grant, Vernon, Sabine, Allen, Avoyelles, Natchitoches, and Evangeline, so long as Employer continues to carry on a like business therein.

(3) Contact, directly or indirectly, any Employee of Employer for the purpose of inducing such employee to own, manage, operate, control, participate in, solicit for, be employed by, or be connected with any person, firm or entity engaged or about to be engaged in a business similar to Employer.

It is not contested that Hixson compensated Lewis fully for his employment and provided him with training, equipment, assistance, advertising, and other business incidentals. Lewis' employment with Hixson was terminated on March 22, 2008. According to the record, shortly after his termination with Hixson, Lewis began to work for a competing sales and service dealership in Rapides Parish, M & M Dodge, Inc. Hixson, seeking to have the non-competition agreement enforced against Lewis, filed a Petition for Injunctive Relief and Hearing Thereon. Because there was no dispute regarding the material facts, the matter was submitted to the trial court on briefs. The trial court ordered that the first and third provisions of the non-competition agreement be enforced but held that the second provision, which prohibited Lewis from carrying on or engaging in a similar business in the specified parishes, was unenforceable in light of the 2006 amendment to the non-competition statute, La.R.S. 23:921—an amendment that prohibited employers from contractually restraining automobile salesmen from selling automobiles. Hixson appeals, asserting that the trial court committed legal error by retroactively applying a substantive change to the law.

**Discussion**

In *Hooper v. Hooper*, 06-825, p. 7 (La.App. 3 Cir. 11/2/06), 941 So.2d 726, 731, *writ denied*, 06-2823 (La. 1/26/07), 948 So.2d 177, this court stated:

> Where the trial court's decision is based on an erroneous interpretation or application of law, rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference by the reviewing court.

2

*Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983). The standard of our review is accordingly *de novo*.

Here, the sole issue to be decided, the validity of a non-competition agreement, is a question concerning the application of law; accordingly, we will review this matter *de novo*. *See Herff Jones, Inc. v. Girouard*, 07-393, (La.App. 3 Cir. 10/3/07), 966 So.2d 1127, *writ denied*, 07-2464 (La. 2/15/08), 975 So.2d 185.

In 2005—the year Lewis signed the non-competition agreement—La.R.S. 23:921 provided, in pertinent part:

> A. (1) Every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void.

> . . . .

> C. Any person, including a corporation and the individual shareholders of such corporation, who is employed as an agent, servant, or employee may agree with his employer to refrain from carrying on or engaging in a business similar to that of the employer and/or from soliciting customers of the employer within a specified parish or parishes, municipality or municipalities, or parts thereof, so long as the employer carries on a like business therein, not to exceed a period of two years from termination of employment. An independent contractor, whose work is performed pursuant to a written contract, may enter into an agreement to refrain from carrying on or engaging in a business similar to the business of the person with whom the independent contractor has contracted, on the same basis as if the independent contractor were an employee, for a period not to exceed two years from the date of the last work performed under the written contract.

> D. For the purposes of Subsections B and C, a person who becomes employed by a competing business, regardless of whether or not that person is an owner or equity interest holder of that competing business, may be deemed to be carrying on or engaging in a business similar to that of the party having a contractual right to prevent that person from competing.

Pursuant to 2006 La. Acts, No. 436, § 1, subsection I was added to La.R.S. 23:921 by the legislature on June 15, 2006, and was given effect on August 15, 2006. Louisiana Revised Statutes 23:921(I) provides:

> I. (1) There shall be no contract or agreement or provision entered into by an automobile salesman and his employer restraining him from selling automobiles.
>
> (2)(a) For the purposes of this Subsection, "automobile" means any new or used motor-driven car, van, or truck required to be registered which is used, or is designed to be used, for the transporting of passengers or goods for public, private, commercial, or for-hire purposes.
>
> (b) For the purposes of this Subsection, "salesman" means any person with a salesman's license issued by the Louisiana Motor Vehicle Commission or the Used Motor Vehicle and Parts Commission, other than a person who owns a proprietary or equity interest in a new or used car dealership in Louisiana.

In its Reasons for Judgment, the trial court articulated its understanding of the effect this amendment had on the non-competition agreement between Hixson and Lewis:

> While it is true that the contract was not contrary to public policy at the time of confection and could have been enforced in its entirety prior to the 200[6] legislation, the court does not believe it can be enforced today to stop Lewis from selling new or used motor vehicles. The requirement that a contractual provision be valid at the time of enforcement is embodied in C.C. Article 1968, which provides as follows: ["]The cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy.["] The court understands the 200[6] provision to be a prohibitory law. Neither the employer nor the licensed employee can contract to prohibit the act of selling. While Hixson and Lewis could at the time they did, Hixson can not now ask for enforcement of a contractual provision that is contrary to prohibitory law and public policy.

For the reasons that follow, we find that the trial court committed legal error in its application of the amended legislation. Louisiana Civil Code Article 6 provides: "In the absence of contrary legislative expression, substantive laws apply

4

prospectively only. Procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary." Because Lewis, an automobile salesman, executed a non-competition agreement before the amendment, which expressly prohibits such agreements, took effect, the essential inquiry is whether the amendment changed the substance of the law or just the procedure by which to apply it. In order to classify the 2006 amendment, we must follow the two-part test of *Cole v. Celotex Corp.*, 599 So.2d 1058, 1063 (La.1992): "First, we must ascertain whether in the enactment the legislature expressed its intent regarding retrospective or prospective application. If the legislature did so, our inquiry is at an end. If the legislature did not, we must classify the enactment as substantive, procedural or interpretive."

2006 La. Acts, No. 436, § 1 did not include legislative intent regarding prospective or retroactive application; therefore, we must consider whether the amendment embodied substantive or procedural changes in the law. The supreme court in *St. Paul Fire & Marine Ins. Co. v. Smith*, 609 So.2d 809 (La.1992), elaborated on the distinction: substantive laws create and/or change rights, duties, and rules, while procedural laws provide the avenue by which those rights, duties, and rules are enforced. Further, interpretative laws clarify the meaning of a statute. *Id.*

Relying on this distinguishing guideline, we find that the 2006 amendment which created subsection I of La.R.S. 23:921, established a new law, inasmuch as it changed the rights of a particular employer to prohibit its employees from engaging in competition with it. Accordingly, it is afforded prospective application only. *See Herff Jones, Inc.*, 966 So.2d at 1135, wherein the court found that a 1995 amendment to La.R.S. 23:921, relating to independent contractors, was prospective in its

5

application and held: "[O]nly the provisions of La.R.S. 23:921 in effect at the time that the agreement was entered into were applicable in determining whether this agreement was enforceable."

The non-competition agreement signed by Lewis in 2005 complied with the statutory requirements at that time. Thus, the agreement, in its entirety, is valid and enforceable against Lewis.

Insofar as Hixson alternatively argues that the retroactive application of the amendment "impaired the contractual obligations of the parties and disturbed their vested rights by retroactively applying La.R.S. 23:921(I), in violation of the Due Process and Contract Clauses of both the United States and Louisiana Constitutions," we find that resolution of the prospective versus retroactive question pretermits discussion of this alternative contention. Accordingly, we affirm the portion of the judgment that found the first and third provisions of the non-competition agreement to be enforceable, and we reverse the portion of the judgment that found the second provision to be invalid.

**DECREE**

For the foregoing reasons, the trial court's judgment is reversed insofar as it invalidated that portion of the non-competition agreement prohibiting the appellee, Donald Ray Lewis, from carrying on or engaging in a business similar to that of the appellant, Hixson Autoplex of Alexandria, Inc. Accordingly, judgment is entered in favor of Hixson Autoplex of Alexandria, Inc.; the injunction is entered in this regard and judgment is recast in part to reflect that it is:

> FURTHER ORDERED, ADJUDGED AND DECREED that Donald Ray Lewis is enjoined from carrying on or engaging in a business similar to that of the Employer in the parishes of Rapides, Grant, Vernon, Sabine, Allen, Avoyelles, Natchitoches, and Evangeline,

6

so long as Hixson Autoplex continues to carry on a like business therein for a period of two years, or until March 21, 2010.

All costs of these proceedings are assessed against the defendant.

**AFFIRMED IN PART; REVERSED IN PART; INJUNCTION ENTERED.**

HIXSON AUTOPLEX OF ALEXANDRIA, INC.

VERSUS

DONALD RAY LEWIS

**GENOVESE, J., dissents and assigns the following written reasons.**

In my view, the trial court was correct. The issue in this case is not the retroactivity of the 2006 amendment to La.R.S. 23:921(I), but rather compliance with La.Civ.Code art. 1968. Notwithstanding the specific exceptions set forth in the statute, as a general rule, non-competition agreements are *contra bonos mores*. Whether the non-competition agreement in this case is enforceable is determined by the date of enforcement, <u>not the date of execution</u> as required by La.Civ.Code art. 1968. The opinion fails to mention and/or address the effect, *vel non*, of La.Civ.Code art. 1968 to the case at bar. In this case, at the time of enforcement of the agreement by litigation, non-competition agreements relative to auto salespersons were legally prohibited. Therefore, I would affirm the trial court judgment.